UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SERGIO A. REYES-LESMES,
*Petitioner*,

v.

DEREK MCDONNELL, *et al.*,
*Respondents*.

No. 1:25-cv-01416-MSN-LRV

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Sergio A. Reyes-Lesmes's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). ECF 1. The Petition, brought under 28 U.S.C. § 2241, challenges Petitioner's conviction for sexual assault by military court martial. For the reasons below, the Court will dismiss the Petition with prejudice.

## I.    BACKGROUND

On January 5, 2018, Petitioner was charged under the Uniform Code of Military Justice with offering alcoholic beverages to a person under the age of twenty-one in violation of a lawful general military regulation, and committing sexual assault without consent. *See* 10 U.S.C. §§ 892, 920; R. 386.[1]  The government alleged that Petitioner provided BA—a twenty-year-old woman— with two vodka mixed drinks before sexually assaulting her. R. 386; *see also United States v. Reyes-Lesmes*, ARMY 20180396, 2020 WL 6533831, at *1-2 (A. Ct. Crim. App. Nov. 4, 2020). It charged Petitioner with sexual assault under three different theories or "specifications." R. 386. Specification 1 alleged that Petitioner sexually assaulted BA while she was asleep; Specification 2 alleged that Petitioner sexually assaulted BA while she was incapable of consenting due to

---

[1] Citations to the record ("R.") refer to the record on direct appeal filed in ECF 28.

impairment by an intoxicant; and Specification 3 alleged that Petitioner sexually assaulted BA by causing bodily harm. *Id.*

At trial before a military court martial, the government introduced testimony from witnesses including BA. R. 604. The government also introduced testimony from an expert witness in the areas of general and forensic psychiatry as well as intoxicating substances. R. 744.

Before the nine-member panel went to deliberate, the miliary judge instructed the panel that they were required to decide whether Petitioner was guilty of one of the three sexual assault specifications under Charge II. R. 834, 844-45. She explained that they could only find him guilty under one theory—not two or three. *Id.* at 845. After approximately two hours, the panel announced that it had reached a verdict. R. 887-88. The military judge, however, determined that the panel had not properly identified its findings as to the specifications under the sexual assault charge. *See* R. 888-89. After the military judge advised the panel president on completing the verdict form, the president passed the military judge a written note, stating "How do we determine which spec we select and does it matter? We did not make a collective decision on which spec to select." *Reyes-Lesmes*, 2020 WL 6533831, at *3. In response, the military judge repeated her initial jury instructions concerning the sexual assault charge and instructed the panel that a finding of guilty only required six votes. *Id.* She further instructed the panel that, if they voted on a specification and obtained the required six votes, they were to cease voting on the remaining specifications. *Id.* If they did not obtain the required six votes on a specification, they were to move on and vote on the next one. *Id.*

The panel members returned to deliberate and, shortly thereafter, indicated that they had reached a verdict, finding Petitioner guilty of Charge I and of Charge II under Specification 3. *Id.*

at *4. Petitioner was subsequently sentenced to nine years of confinement and dishonorable discharge. R. 51.

Petitioner, through counsel, appealed his convictions to the United States Army Court of Criminal Appeals. *Reyes-Lesmes*, 2020 WL 6533831. Petitioner argued (1) the military judge failed to instruct the panel members on the required mens rea for the sexual assault charge; (2) there was evidence that Petitioner mistakenly thought that BA consented to sexual activity and thus the military judge erred by not giving a mistake of fact instruction and defense counsel was ineffective in failing to argue for the instruction; (3) the evidence was insufficient for a finding of guilt; and (4) the military judge erred in not giving a reconsideration instruction to the panel before sending it back for additional deliberations. R. 60-101. The Army Court of Appeals summarily concluded that the first three "assignments of error lack[ed] merit and [did] not warrant discussion." *Reyes-Lesmes*, 2020 WL 6533831, at *1 n.1. As for the military judge's instructions, the court concluded that "it was evident from the findings worksheet that the panel had voted on all the three specifications of Charge II." *Id.* at *6. Accordingly, the panel needed only to clarify its vote, and the military judge did not err by failing to direct the members to reconsider their findings. *Id.* at *6. The court nevertheless held that the military judge had erred by not requiring the panel to make a clear finding regarding each of the specifications. *Id.* at *7-8. The court therefore dismissed the first two specifications of Charge II, but otherwise upheld Petitioner's conviction. *Id.* at *8.

On July 19, 2023, Petitioner was released from imprisonment and placed on parole. ECF 1 at 2. In March 2025 he filed this Petition in Federal District Court for the Western District of Missouri, where he now resides. ECF 1 at 2. The case was subsequently transferred to this Court. ECF Nos. 14, 15.

Petitioner raises seven grounds for relief from his sexual assault conviction. He argues: (1) he was denied his right to a public trial under the Sixth Amendment when the military judge closed the courtroom to the public on two occasions, (2) he was denied his right to a unanimous jury under the Sixth Amendment, (3) his trial counsel was ineffective in failing to present a mistake of fact defense, (4) his trial counsel was ineffective in failing to object to the qualifications and competence of the government's expert witness, (5) his trial counsel was ineffective by failing to seek sanctions, including a jury instruction on spoliation, related to BA's deletion of several text messages, (6) his trial counsel was ineffective in failing to adequately present BA's prior inconsistent statement made to an investigator, and (7) his trial counsel was ineffective in failing to object to the non-unanimous verdict and to the jury's failure to make a collective decision as to the specification.[2]

Respondents seek dismissal of the Petition.[3] ECF 27.

## II.     LEGAL STANDARD

28 U.S.C. § 2241 "vests federal courts with jurisdiction over applications for habeas corpus from persons confined by the military courts." *Ward v. United States*, 982 F.3d 906, 912 (4th Cir. 2020) (quoting *Burns v. Wilson*, 346 U.S. 137, 139 (1953)). The Supreme Court, however, has "repeatedly has recognized that, of necessity, [m]ilitary law is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." *Dorrbecker v. Howard*, 173 F.4th 142, 146 (4th Cir. 2026) (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975)) (internal quotation marks omitted). Thus, federal courts' review over habeas petitions

---

[2] Petitioner also alleged that he was denied a fair trial due to the cumulative prejudice from the ineffective assistance of his trial counsel (Count VIII). He has since "concede[d] . . . that Fourth Circuit precedent precludes this argument from succeeding." ECF 34 at 28.

[3] Although Respondents styled their opposition to the Petition simply as a "Response," the Court will construe their pleading as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

from persons confined by military courts is limited in scope. *Id.* This Court may only review claims that have not been "fully and fairly reviewed" by military courts. *Ward*, 982 F.3d at 912.

A motion to dismiss a habeas petition must be reviewed under the familiar standards of Federal Rule of Civil Procedure 12(b)(6). *See Ward*, 982 F.3d at 912. A Rule 12(b)(6) motion to dismiss tests the factual sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court "must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff." *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although a court's review of a complaint on a motion to dismiss under Rule 12(b)(6) is ordinarily limited to the facts of the complaint itself, courts may take judicial notice of matters of public record as well as documents attached to a motion to dismiss that are authentic and integral to the complaint. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III.    ANALYSIS

Respondents argue that the Court must dismiss Petitioner's claim that his counsel was ineffective for failing to put forward a mistake of fact defense and failing to object to the way in which the military panel selected the specification under Charge II as these issues have been fully and fairly decided by the United States Army Court of Appeals. Respondents further argue that the Court must dismiss the remainder of Petitioner's claims because they have been procedurally defaulted. The Court will address each of these arguments in turn.

5

## A.    Full and Fair Consideration

A military court's fair consideration of a petitioner's claim is dispositive and precludes reconsideration by a district court. *Dorrbecker*, 173 F.4th at 147. Accordingly, before assessing the merits of a habeas petition challenging a conviction by military court-martial, the Court must consider whether Petitioner's claims received full and fair consideration by a military court.

The Fourth Circuit has not clearly defined what constitutes full and fair consideration. *See Dorrbecker*, 173 F.4th at 150 n.4 (declining to decide the issue). Courts within the Fourth Circuit, however, have nearly universally adopted the standard developed by the Tenth Circuit. *See, e.g., Anderson v. Bolster*, No. 1:19-cv-75 (LO/TCB), 2020 WL 5097516, at *4 (E.D. Va. Aug. 27, 2020), *aff'd*, No. 20-7707, 2022 WL 4998074 (4th Cir. Oct. 4, 2022); *Chapman v. Warden, FCC Petersburg-Medium*, 2022 WL 16922473, at *4 (E.D. Va. Nov. 10, 2022); *Chinchilla v. Whitley*, No. 3:20-cv-871-HEH, 2021 WL 1792075, at *3 (E.D. Va. May 5, 2021) (collecting cases), *aff'd*, No. 21-1731, 2022 WL 3136940 (4th Cir. Aug. 5, 2022). Under that standard, habeas review by a district court is only appropriate if:

> (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.

*Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

While courts should consider each of these factors, the fourth consideration merits the most weight. *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir. 2010). In considering whether a military court gave adequate consideration to an issue, "the length or brevity" of the court's discussion "is not determinative." *Anderson*, 2020 WL 5097516, at *4. On the contrary, courts conclude that issues which were fully briefed before a military court received full and fair

6

consideration, even if that court summarily disposed of the claims. *Chinchilla*, 2021 WL 1792075, at *4.

As Respondents assert, Petitioner extensively litigated two of the issues he seeks to raise before this Court during his direct appeal to the United States Army Court of Appeals: his claim that his counsel was ineffective for failing to raise a mistake of fact defense as to BA's consent (Count III) and his claim that the military panel erred in voting on the specifications under Charge II (Count VII). With respect to Petitioner's claim of ineffective assistance of counsel, the record is clear that the Army Court of Appeals was presented with two-party briefing on the issue, considered the claim on its merits, and discarded it. *Reyes-Lesmes*, 2020 WL 6533831, at *1 n.1; R. 69, 75-77, 174-76. Although Petitioner's argument is one of constitutional dimension, this Court cannot revisit a claim in which the military courts have fully "heard [Petitioner] out." *Dorrbecker*, 173 F.4th at 151 (quoting *Burns*, 346 U.S. at 144); *see also, e.g.*, *Anderson*, 2020 WL 5097516, at *5 (concluding that the court could not reconsider a petitioner's argument where the argument had been briefed before military courts, even if the issue was disposed of "in a summary fashion"). The Court must therefore dismiss Count III of the Petition.

Count VII requires the same result. Petitioner argues before this Court that his counsel was ineffective for failing to object to the verdict on Charge II because it was "clear that all of the six members of the military jury who voted to convict did not base their verdict upon the same specification." ECF 1 at 22-24. But this issue implicates factual questions that the Army Court of Appeals conclusively resolved. *See Reyes-Lesmes*, 2020 WL 6533831, at *6. In considering Petitioner's challenge on direct appeal to the military judge's jury instructions, the Army Court of Appeals determined that "it was evident from the findings worksheet that the panel *had* voted on all the three specifications of Charge II." *Id.* (emphasis added). Because the Army Court of Appeals

7

fully and fairly considered whether the military panel came to a collective decision on the specification for Charge II, Petitioner's ineffective assistance claim based on this same issue must be dismissed.

### B.    Procedural Default

Respondents argue that the Court may not consider the remainder of Petitioner's claims because he failed to raise them during his military proceedings.

"As with any other habeas petition, this Court will not review claims that have not been exhausted properly in the military courts." *Chapman*, 2022 WL 16922473, at *7; *see also Lips*, 997 F.2d at 811-12. There are two exceptions to the requirement that a habeas petitioner fully exhaust his claims on direct appeal: where a petitioner can demonstrate (1) cause and actual prejudice, or (2) actual innocence. *United States v. McKinney*, 60 F.4th 188, 193 (4th Cir. 2023).

"Generally, the existence of cause for procedural default turns on whether 'some objective factor external to the defense' prevented counsel from raising the claim on direct appeal." *McKinney*, 60 F.4th at 193 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). One such instance is where a claim "is so novel that its legal basis is not reasonably available to counsel" because of a significant change in the law, such as the overruling of Supreme Court precedent. *Id.* at 193-94 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Prejudice, in turn, requires a petitioner to show that an error "worked to his actual and substantial disadvantage." *Id.* at 195 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner does not dispute that he failed to exhaust the remainder of his claims. But he argues that there was cause for his failure to exhaust his remaining ineffective assistance of counsel claims and his unanimous jury claim.[4] ECF 34 at 7-11.

---

[4] Petitioner does not attempt to argue actual innocence. He also does not argue that cause and prejudice exist to excuse his failure to exhaust his public trial claim (Count I).

Beginning with Petitioner's ineffective assistance claim, he contends that he "could not have possibly raised these claims on direct appeal because there was not a sufficient record made at the trial." ECF 34 at 8. He further argues that he could not have developed a record as to ineffective assistance on habeas review within the military system because the Uniform Code of Military Justice "has no provisions allowing post-conviction review of Court Martial convictions."[5] ECF 34 at 8-9. Petitioner's second point is incorrect. Courts martial "are subject to collateral review within the military justice system" and military courts conducting collateral review may engage in fact-finding hearings. *Denedo v. United States*, 66 M.J. 114, 119, 130 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009). As for Petitioner's first argument, he fails to explain why he could not preserve his ineffective assistance claims related to expert testimony, spoliation, prior inconsistent statements, and jury unanimity on the present trial record—the same record presently before the Court on habeas review—particularly when he *did* raise on direct appeal his ineffective assistance claim based on his counsel's failure to raise a consent defense. Petitioner's argument is insufficient to demonstrate cause to now raise his defaulted ineffective-assistance claims (Counts IV, V, VI, VII), requiring their dismissal. *See Chapman*, 2022 WL 16922473, at *7 (concluding that petitioner had not shown cause for his failure to raise ineffective-assistance claims where he raised one such claim before military courts but not the remainder).

Turning to Petitioner's unanimous jury claim, Petitioner argues that cause exists for his failure to raise the claim because his direct appeal predated the Supreme Court's decision in *Ramos*

---

[5] Petitioner also argues that the Court should treat his habeas petition under § 2241 as "the functional equivalent of a civilian federal prisoner's right to seek post-conviction review under 28 U.S.C. § 2255" and should allow him to raise ineffective assistance claims for the first time on federal habeas review. ECF 34 at 9. As another court in this district has explained, the principle reasons for allowing ineffective-assistance claims to be brought for the first time in a § 2255 petition are inapplicable to military appeals in which military prisoners have the ability to develop the factual basis for their ineffective-assistance claims within the military system. *Chapman*, 2022 WL 16922473, at *7.

9

*v. Louisiana*, 590 U.S. 83 (2020). In *Ramos*, the Court overruled *Apodaca v. Oregon*, 406 U.S. 404 (1972), and held that the Sixth Amendment's unanimous jury requirement applies to state courts. 406 U.S. at 93. Petitioner argues that *Ramos* should equally apply to military courts martial, that its novelty creates cause to raise his unanimity argument now, and that Petitioner was prejudiced by the failure to require a unanimous jury because—while "impossible" to conclusively prove—it is likely that the jury did not reach a unanimous verdict. ECF 34 at 16-17.

Assuming that *Ramos* creates cause for Petitioner's procedural default, Petitioner has not clearly shown that he was prejudiced by the failure to require unanimity. His trial counsel did not poll the panel and there is no indication that the failure to require unanimity worked to Petitioner's "actual and substantial disadvantage." *McKinney*, 60 F.4th at 195. Moreover, even if the Court were to conclude that Petitioner could establish prejudice, Petitioner cannot succeed on the merits of his claim. The Supreme Court has long held that "[t]he right to trial by jury guaranteed by the Sixth Amendment is not applicable to trials by courts-martial or military commissions." *Whelchel v. McDonald*, 340 U.S. 122, 127 (1950); *see also, e.g.*, *Dodson v. Zelez*, 917 F.2d 1250, 1256 (10th Cir. 1990) (holding that the requirement under the Uniform Code of Military Justice that military convictions be based on a two-thirds vote satisfies due process). *Ramos* does not change this conclusion; federal courts and the U.S. Navy-Marine Court of Criminal Appeals have held that the decision is "not applicable to courts-martial." *See United States v. Causey*, 82 M.J. 574, 587-88 (U.S. Navy-Marine Crim. App. 2022) (holding that *Ramos* did not address the military justice system or change the established principle that the military justice system is not subject to the Sixth Amendment's jury requirements); *Brown v. Kendall*, No. CV DLB-22-410, 2023 WL 2648781, at *5 (D. Md. Mar. 27, 2023) (explaining that *Ramos* "does not discuss application of the unanimity requirement to the military justice system"). Accordingly, Petitioner has not shown

that the military judge's failure to require a unanimous verdict violated his rights under the Sixth Amendment. Count II will therefore be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Respondents' request to dismiss the Petition (ECF 27) is GRANTED, and it is hereby

ORDERED that the Petition is DISMISSED WITH PREJUDICE.

It is SO ORDERED.

The Clerk is directed to enter judgment in Respondents' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

 

 

 

_____
/s/

Michael S. Nachmanoff
United States District Judge

May 21, 2026
Alexandria, Virginia

11